IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| SUSAN KERNICK , ADMINISTRATRIX OF THE ESTATE OF GARY BETO, DECEASED, | CIVIL DIVISION |
| Plaintiff, | No.: GD-14-019772 |
| | No.: GD-14-021252 |
| v. | |
| | **COMPLAINT** |
| NORTH BRADDOCK BOROUGH; EAST PITTSBURGH BOROUGH; BRADDOCK BOROUGH; ALLEGHENY COUNTY EMERGENCY SERVICES; ALLEGHENY COUNTY HOUSING AUTHORITY; CARL RECH, individually and/or as an officer of Braddock Borough, and ADAM QUINN, individually and/or as an officer of North Braddock Borough, | Filed on Behalf of: Plaintiff |
| | Counsel of Record for this Party: |
| Defendants. | |
| | Walter J. Nalducci, Esquire Pa. I.D. #69256 |
| | Julianne Cutruzzula Beil, Esquire Pa. I.D. #315892 |
| SUSAN KERNICK , ADMINISTRATRIX OF THE ESTATE OF GARY BETO, DECEASED, | |
| Plaintiff, | |
| v. | |
| NORTH BRADDOCK BOROUGH POLICE DEPARTMENT; EAST PITTSBURGH BOROUGH POLICE DEPARTMENT; BRADDOCK BOROUGH POLICE DEPARTMENT; and ALLEGHENY COUNTY HOUSING AUTHORITY POLICE DEPARTMENT, | CUTRUZZULA & NALDUCCI 3300 Grant Building 310 Grant Street Pittsburgh, PA 15219 (412) 391-4040 |
| Defendants. | **A JURY TRIAL DEMANDED** |



IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN KERNICK , ADMINISTRATRIX OF THE ESTATE OF GARY BETO, DECEASED, | ) ) ) | CIVIL DIVISION |
| Plaintiff, | ) ) | No.: GD-14-019772 |
| v. | ) ) | No.: GD-14-021252 |
| | ) | |
| NORTH BRADDOCK BOROUGH; EAST PITTSBURGH BOROUGH; BRADDOCK BOROUGH; ALLEGHENY COUNTY EMERGENCY SERVICES; ALLEGHENY COUNTY HOUSING AUTHORITY; CARL RECH, individually and/or as an officer of Braddock Borough, and ADAM QUINN, individually and/or as an officer of North Braddock Borough, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| ———————————— | ) ) ) | |
| SUSAN KERNICK , ADMINISTRATRIX OF THE ESTATE OF GARY BETO, DECEASED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| NORTH BRADDOCK BOROUGH POLICE DEPARTMENT; EAST PITTSBURGH BOROUGH POLICE DEPARTMENT; BRADDOCK BOROUGH POLICE DEPARTMENT; and ALLEGHENY COUNTY HOUSING AUTHORITY POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

2

## NOTICE TO DEFEND

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
ACBA LAWYER REFERRAL SERVICE
400 KOPPERS BUILDING – 436 SEVENTH AVENUE
PITTSBURGH, PA 15219
412-261-5555

3

## COMPLAINT

## A JURY TRIAL DEMANDED

AND NOW comes the Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, by and through her attorneys Walter Nalducci, Esquire and Cutruzzula and Nalducci, and files this action against the Defendants upon a set of particulars of which the following is a statement:

1.    That Plaintiff, Susan Kernick, sister of Plaintiff's Decedent, Gary Beto, was duly appointed as the Administratrix of the Estate of Gary Beto, Deceased by the Register of Wills of Allegheny County, Pennsylvania on November 6, 2013 at No. 02-13-06607.

2.    That Plaintiff brings this action as the Administratrix of the Estate of Gary Beto, Deceased of 1724 Brinton Avenue, Braddock, Allegheny County, Pennsylvania 15104.

3.    That Defendant North Braddock Borough is a duly incorporated political subdivision of the Commonwealth of Pennsylvania located at 600 Anderson Street North Braddock, Allegheny County, Pennsylvania 15104.

4.    That Defendant North Braddock Borough Police Department is a public entity and at all times material hereto was an office within a Borough that is a political subdivision of the Commonwealth of Pennsylvania, with a principal place of business located at 600 Anderson Street, North Braddock, Allegheny County, Pennsylvania 15104.

5.    That Defendant East Pittsburgh Borough is a duly incorporated political subdivision of the Commonwealth of Pennsylvania located at 813 Linden Avenue, East Pittsburgh, Allegheny County, Pennsylvania 15112.

6.    That Defendant East Pittsburgh Borough Police Department is a public entity and at all times material hereto was an office within a Borough that is a political subdivision of the

4

Commonwealth of Pennsylvania, with a principal place of business located at 811 Linden

Avenue, East Pittsburgh, Allegheny County, Pennsylvania 15112.

7.     That Defendant Braddock Borough is a duly incorporated political subdivision of

the Commonwealth of Pennsylvania located at 415 Sixth Street, Braddock, Allegheny County,

Pennsylvania 15104.

8.     That Defendant Braddock Borough Police Department is a public entity and at all

times material hereto was an office within a Borough that is a political subdivision of the

Commonwealth of Pennsylvania, with a principal place of business located at 639 Corey

Avenue, Braddock, Allegheny County, Pennsylvania 15104.

9.     That Defendant Allegheny County Housing Authority is a public body organized

and existing under the Pennsylvania Housing Authorities Law,  35 P.S. § 1544(a), with a

principal place of business located at 625 Stanwix Street, 12th Floor, Pittsburgh, Allegheny

County, Pennsylvania 15222.

10.     That Defendant Allegheny County Housing Authority Police Department is an

office within a public body that is organized and existing under the laws of the Commonwealth

of Pennsylvania Housing Authorities Law, 35 P.S. §1544(a) with a principal place of business

located at 625 Stanwix Street, 12th Floor, Pittsburgh, Allegheny County, Pennsylvania 15222.

11.     That Defendant Allegheny County Emergency Services is a department within a

County of the Second Class of the Commonwealth of Pennsylvania, and has a principal place of

business located at 400 North Lexington Street, Suite 200, Pittsburgh, Allegheny County,

Pennsylvania 15208.

12.     That at all times relevant to this action Defendant Officer Carl Rech was employed as a Police Officer with Braddock Borough and/or Borough of Braddock Police Department and was acting within the scope of said employment.

13.     That at all times relevant to this action, Defendant Officer Adam Quinn was employed as a Police Officer with the North Braddock Borough and/or Borough of North Braddock Police Department and was acting within the scope of said employment.

14.     That on or about September 3, 2013, just prior to 9:00 p.m. Plaintiff's Decedent, Gary Beto, who suffered from a long history of mental illness, placed a call to 911, reporting that two men were in an alley behind his house at 1724 Brinton Road, and that he was going to check it out. The 911 operator then dispatched officers to this approximate location.

15.     That on or about the same date and time, the residents of a home on Murdough Street, in North Braddock, reported to a 911 operator that an individual was sitting in a parked car outside of their house.  They reported that this individual had been driving around the neighborhood for several days, that he was hearing things and seemed paranoid, and that he repeatedly apologized to the residents for bothering them. The 911 operator dispatched officers to the address provided, and indicated that this call was possibly related to the prior call made by Plaintiff's Decedent, Gary Beto.

16.     That two police officers from the Defendant North Braddock Police Department responded to these calls, including Defendant Officer Adam Quinn, and were shortly thereafter joined by an officer from the East Pittsburgh Police Department.

17.     That by approximately 9:05 p.m., the officers had detained Plaintiff's Decedent, and reported the same to 911 dispatch.

18.    That over the course of the next twenty-five minutes, the three aforementioned officers were joined by two additional officers from the Allegheny County Housing Authority Police Department, and a discussion was had with Plaintiff's Decedent, Gary Beto, and the aforementioned police officers where Plaintiff's Decedent showed clear signs of mental illness.

19.    That during that discussion, Plaintiff's Decedent, Gary Beto, informed the officer that he had a small knife and a pellet gun, which he voluntarily gave to the aforementioned officers who left the scene soon thereafter to respond to another call.

20.    That at or around 9:50 p.m., the 911 center received a call from a resident of Ridge Avenue, a mere twenty minutes later and one block from where Plaintiff's Decedent, Gary Beto, had been detained.  The caller reported that an individual had been loitering around his car and had then tried to enter caller's house to look for his brother.  The caller reported that this individual had since left his house and was walking up the street.

21.    That two officers from the Borough of East Pittsburgh Police Department responded separately to this 911 call, and were informed that this call was in regard to the same individual, Plaintiff's Decedent, Gary Beto, whom they had stopped earlier.

22.    That while attempting to take Plaintiff's Decedent, Gary Beto, into custody, the responding Borough of East Pittsburgh Police Officers forced him to the ground, then stood him back up to deploy pepper spray against him, resulting in the contamination of all three individuals.

23.    That thereafter, two East Pittsburgh officers stopped Plaintiff's Decedent, forced him back onto the ground and handcuffed his arms in front of his body as he lay on his stomach, and one of the officers administered over a dozen blows of the baton to Plaintiff's Decedent's legs.

24.     That after several minutes, five additional officers arrive on the scene, including two from the Borough of North Braddock Police Department and two from Allegheny County Housing Authority Police Department who had responded to the earlier call regarding Plaintiff's Decedent.  Also responding was Defendant Officer Carl Rech from Defendant Borough of Braddock Police Department.

25.     That Defendant officer Adam Quinn, positioned his knee on Plaintiff's Decedent, Gary Beto's, left shoulder, compressing his chest against the ground.

26.     That at or about the same time, Defendant Officer Carl Rech, also positioned himself with his knee on Plaintiff's Decedent's left shoulder for a period of time, again compressing his chest against the ground.

27.     That Defendant Officer Carl Rech then rose to his feet and deployed his taser to Plaintiff's Decedent, Gary Beto, five (5) times over the course of a two minute period.

28.     That as a result of the aforementioned forces deployed against Plaintiff's Decedent, Gary Beto, he became unresponsive and the officers were unable to locate his pulse.

29.     That as a result of the aforementioned confrontation, Plaintiff's decedent, Gary Beto, sustained, inter alia, the following injuries:

      a.     Abrasions of the head and face;

      b.     Contusions of the head and face;

      c.     Subarachnoid hemorrhage;

      d.     Multiple contusions and bruises of the body; and

      e.     Cardiac arrest.

30.     That as a result of the aforementioned accident and injuries, Plaintiff's decedent, after a long, slow, consciously painful and agonizing course, died.

## COUNT I

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. NORTH BRADDOCK BOROUGH, Defendant

### UNDER THE WRONGFUL DEATH ACT

31.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto,

Deceased, hereby incorporates by reference each and every allegation contained in Paragraph 1

through 30, inclusive, as fully as if the same had been set forth herein at length.

32.    That Plaintiff brings this action by virtue of the Act of July 9, 1976, P.L. 586 No.

142, 2, effective June 27, 1978, 42 Pa. C.S.A. 8301 and Pa. R.C.P. No. 2202(a).

That Decedent left surviving him the following persons entitled to recover damages for his death

and on whose behalf this action is brought:

| NAME | RELATIONSHIP | ADDRESS |
|------|--------------|---------|
| JOAN P. BETO | MOTHER | 5841 Forward Avenue, Apt. 429 Pittsburgh, PA 15217 |

33.    That by reason of the death of Plaintiff's Decedent, the surviving beneficiaries

have suffered pecuniary losses and incurred expenses resulting from the injuries and death of

said Decedent, including the loss of nurture, care, training, advice, services, guidance, education,

companionship, comfort, society, solace and protection.

34.    That no legal or court action for damages for the personal injuries sustained by

said Decedent was brought during his lifetime.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto,

Deceased, claims compensatory and punitive damages from the Defendant, North Braddock

Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT II

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. NORTH BRADDOCK BOROUGH, Defendant

### UNDER THE SURVIVAL ACT

35.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, incorporates by reference each and every allegation contained in Paragraphs 1 through 30, inclusive, as fully as if the same had been set forth herein at length.

36.     That the Plaintiff brings this action under and by virtue of the Act of July 9, 1976, P.L. No. 142 2 effective June 27, 1978, 42 Pa.C.S.A. 8302.

37.     That the Plaintiff claims damages on behalf of Decedent's Estate for the damage suffered by said Estate as a result of the death of said Decedent as well as for his conscious pain, suffering and inconvenience resulting from his above described accident and personal injuries.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, North Braddock Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT III

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. NORTH BRADDOCK BOROUGH, Defendant

### NEGLIGENCE

38.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference each and every allegation contained in Paragraph 1

through 30, 32-34, 36 and 37, inclusive, as fully as if the same had been set forth herein at length.

39.     That the above-described injuries and damage to Plaintiff's Decedent were caused solely and by and were the direct and proximate result of the actions and/or negligence of this Defendant, itself and acting through its agents, servants, workmen and/or employees, acting within their scope of their agency, servitude, workmanship and/or employment, said actions and/or negligence consisting of inter alia, the following particulars:

a.     In negligently causing injuries to Plaintiff's Decedent, Gary Beto;

b.     In negligently assaulting Plaintiff's Decedent, Gary Beto;

c.     In negligently putting Plaintiff's Decedent, Gary Beto in apprehension of danger;

d.     In negligently battering Plaintiff's Decedent, Gary Beto;

e.     In negligently falsely imprisoning Plaintiff's Decedent, Gary Beto;

f.     In being vicariously liable for any negligent conduct by its agents in the assault and battery of Plaintiff's Decedent, Gary Beto;

g.     In negligently hiring, training and/or supervising their employees;

h.     In being vicariously liable for the negligence of others pertaining to the background check and hiring of their personnel;

i.     In negligently supervising their personnel;

j.     In negligently releasing Plaintiff's decedent after it knew or should have known that Plaintiff's decedent was experiencing a mental health episode;

k.   In negligently aggressively detaining Plaintiff's Decedent
     when it knew/should have known that plaintiff's decedent
     was not a threat;

l.   In negligently using more force than necessary to detain
     Plaintiff's decedent, when it knew or should have known
     that he was not a threat;

m.   In negligently and excessively deploying a taser to
     Plaintiff's Decedent;

n.   In negligently kneeling on the back/shoulder area of
     Plaintiff's decedent causing compression of his trunk;

o.   In negligently acting with actual malice and willful
     misconduct towards Plaintiff's Decedent, Gary Beto;

p.   In negligently failing to adhere to accepted and proper
     police protocol; and

q.   In failing to take proper measures with regard to Plaintiff's
     Decedent when this Defendant knew or should have known
     he suffered from longstanding mental illness.

### Negligent Infliction of Emotional Distress

aa.  In negligently inflicting physical and emotional harm on
     Plaintiff's Decedent, Gary Beto;

bb.  In negligently carrying out acts which involve an
     unreasonable risk of emotional disturbance of such
     character as to be likely to result in illness or other bodily
     harm;

cc.  In negligently disregarding the possibility of physical and
     emotional harm to Plaintiff's Decedent, Gary Beto;

dd.  In that the Defendants' actions constituted actual malice
     and willful misconduct toward Plaintiff's Decedent, Gary
     Beto.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto,

Deceased, claims compensatory and punitive damages from the Defendant, North Braddock

12

Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT IV

## SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. NORTH BRADDOCK BOROUGH, Defendant

## FALSE IMPRISONMENT

40.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference each and every allegation contained in Paragraph 1 through 30, 32-34, 36 and 37, inclusive, as fully as if the same had been set forth herein at length.

41.     That the above-described injuries and damage to Plaintiff's Decedent were caused solely and by and were the direct and proximate result of the actions of this Defendant, itself and acting through its agents, servants, workmen, and/or employees, acting within the scope of their agency, servitude, workmanship and/or employment, said actions consisting of inter alia, the following particulars:

      a.      In falsely imprisoning and/or confining Plaintiff's Decedent, Gary Beto, against his will; and

      b.      In that Defendant's actions constituted actual malice and willful misconduct towards Plaintiff's Decedent, Gary Beto.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, North Braddock Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT V

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v.

### NORTH BRADDOCK BOROUGH, Defendant

### ASSAULT AND BATTERY

42.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference each and every allegation contained in Paragraph 1 through 30, 32-34, 36 and 37, inclusive, as fully as if the same had been set forth herein at length.

43.     That the above-described injuries and damage to Plaintiff's Decedent were caused solely and by and were the direct and proximate result of the actions of this Defendant, itself and acting through its agents, servants, workmen, and/or employees, acting within the scope of their agency, servitude, workmanship and/or employment, said actions consisting of inter alia, the following particulars:

        a.      In intentionally assaulting Plaintiff's Decedent, Gary Beto;

        b.      In intentionally battering Plaintiff's Decedent, Gary Beto; and

        c.      In that Defendant's actions constituted actual malice and willful misconduct toward Plaintiff's Decedent, Gary Beto.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, North Braddock Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

### COUNT VI

14

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. NORTH BRADDOCK BOROUGH, Defendant**

### FEDERAL CIVIL RIGHTS VIOLATIONS

44.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference each and every allegation contained in Paragraph 1 through 30, 32-34, 36 and 37, inclusive, as fully as if the same had been set forth herein at length.

45.     That the above-described injuries and damage to Plaintiff's Decedent were caused solely and by and were the direct and proximate result of the actions and/or violation of the Federal and/or State Constitution of this Defendant, itself and acting through its agents, servants, workmen, and/or employees, acting within the scope of their agency, servitude, workmanship and/or employment, said actions and/or violations of the Federal, State Constitution, depriving Plaintiff's Decedent of his rights to be free from unreasonable and excessive force and to be secure in his person and to due process of law.  As a result of the conduct of this Defendant, Plaintiff's Decedent suffered fatal injuries in violation of his rights under the law and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

46.     That this Defendant encouraged, tolerated, ratified and had been deliberating indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or disciplines in the areas of:

    a.     The use of unreasonable force and excessive force
           by police officers;

    b.     The proper exercise of police powers, including but
           not limited to the unreasonable use of force and the
           excessive use of force;

c.     The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

d.     The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e.     Police officers' use of their status as police officers to employ the use of excessive force or to ends not reasonably related to their police duties;

f.     The failure of police officers to follow established policies, procedures, directives, and instructions, regarding the use of force and arrest powers under such circumstances as presented herein;

g.     Providing proper instructions and training to the police officers with regards to the use of Taser conducted energy weapons; and

h.     Failing to establish proper policies, procedures, directives, and instructions regarding the use of Taser conducted energy weapons.

47.     That Defendants failed to properly sanction or discipline law enforcement officers of this Defendant who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by various law enforcement officers employed by this Defendant, thereby causing and encouraging the police officers, including the Defendant officers to violate the rights of citizens such as Plaintiff's Decedent, Gary Beto.

48.     That Defendants have by the described actions deprived Plaintiff's Decedent, Gary Beto, of rights secured by the Fourth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. §1983.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, North Braddock Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees, costs and interest.

## COUNT VII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. NORTH BRADDOCK BOROUGH, Defendant

### Violations of the Americans with Disability Act and Section 504 of the Rehabilitation Act

49.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference each and every allegation contained in Paragraph 1 through 30, 32-34, 36 and 37, inclusive, as fully as if the same had been set forth herein at length.

50.     That for many years it has been known and publicized by law enforcement agencies in general and known by this Defendant in particular, that a large percentage of police encounters occurs with a person who suffers from emotional or mental illness.

51.     That it has been well known to this Defendant in particular and law enforcement agencies in general that dealing with such person requires taking special precautions and special training to avoid violence, injury and death in these encounters.

52.     That in addition, all of the Defendants were well aware that at all relevant times employees of this Defendant frequently encounter emotionally disturbed and/or mentally ill person in connection with the fulfillment of their law enforcement duties.

53.     That well publicized, easily implemented and affective training programs were available this Defendant in learning how to response to mentally ill or emotional disturbed

17

persons. These programs have been generally available to this Defendant for more than twenty-five (25) years.

54.     That in addition, federal law, including the ADA and the Rehabilitation Act of 1973 have placed an affirmative duty upon this Defendant to modify their practices, policies and procedures to ensure that persons with disabilities, including mental disabilities were not denied services or treated in discriminatory manner.

55.     That heedless of their obligations under federal law and despite their knowledge of the availability of adequate practices, procedures, policies and training to minimize violent confrontations, and with deliberate indifference, Defendants failed to provide employees of the police department with any training for dealing with mentally ill and emotionally disturbed persons or for handling encounters with such person without resorting to the use of methods known to cause injury and death.

56.     That Defendants have failed to establish and maintain practices, procedures, and policies to ensure that persons with disabilities were not discriminating against or otherwise harmed in the course of their contact with employees of the police department.

57.     That Defendants with deliberate indifference to the rights of Plaintiff's Decedent, Gary Beto, and others, implemented and maintained policies and procedures which prevented employees of the police department from availing themselves of the most widely available resources for dealing with emotionally distributed and mentally ill persons, including, but not limited to coordination with crisis intervention units, and backup from others specially trained in dealing with persons who are mentally ill and/or emotionally disturbed.

58.     That in addition, Defendants continued to maintain policies and practices which prevented employees of the police department in the performance of their law enforcements

18

duties, from utilizing methods of effectuating arrests in a way that was not discriminatory against individuals with disabilities.

59.     That Plaintiff's Decedent died as a result of Defendants' failure and/or lack of knowledge in how to employ methods and procedures for dealing effectively and peacefully with mentally disturbed individuals such as Gary Beto.

60.     That this failure to employ appropriate and proper and safe methods in dealing with Plaintiff's Decedent, Gary Beto was a result of the Defendants failure to train employees of the police department and from the customs, practices and policies of the police department for which both Defendants are responsible.

61.     That Section 504 of the Rehabilitation Act provides that persons otherwise qualified but under disability shall not by reason of the disability be denied the benefits of or be subjected to discrimination under any program or activity receiving federal financial assistance.

62.     That this Defendant receives federal financial assistance.

63.     That Section 504 of the Rehabilitation Act requires that recipients of federal financial assistance reasonably accommodate persons with disabilities so that they are not harmed by, but can benefit from police services as fully as persons without disabilities.

64.     That Defendants failed to perform this duty with respect to Plaintiff's Decedent Gary Beto by their acts of omission and commission as set forth more fully in the paragraphs above.

65.     That Plaintiff and the Decedent suffered the harms and damages set forth in this Complaint as a result of the Defendants breech of their duties under section 504 of the Rehabilitation Act.

66.     That the Americans with Disability Act, Title 2, prohibits any local government or department thereof from denying benefits of their services, programs or activities to any person with a disability or discriminating against any person with a disability 42 U.S.C. §12132.

67.     That Defendants are public entities within the meaning of Title 2 of the Americans with Disabilities Act  42 U.S.C. §12132.

68.     That Defendants at all relevant times hereto agents, servants, workmen and employees of this Defendant acting within the scope of their authority.

69.     That all Defendants herein violated Plaintiff's Decedent's rights to be free from discrimination by federal law by failing to make reasonable modifications to their policies, practices and procedures and to insure that his needs as an individual with a disability would be met.

70.     That Plaintiff and his decedent suffered damages as set forth above as a result of these violations of the rights of Gary Beto.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, North Braddock Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attroneys' fees, costs and interest.

## COUNT VIII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. EAST PITTSBURGH BOROUGH, Defendant

### UNDER THE WRONGFUL DEATH ACT

71.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1

through 30 and 32 through 34 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, East Pittsburgh Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

**COUNT IX**

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. EAST PITTSBURGH BOROUGH, Defendant**

**UNDER THE SURVIVAL ACT**

72.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 36 and 37 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, East Pittsburgh Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

**COUNT X**

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. EAST PITTSBURGH BOROUGH, Defendant**

**NEGLIGENCE**

73.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1

through 30,  32 through 34, 36, 37 and 39 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, East Pittsburgh Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XI

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. EAST PITTSBURGH BOROUGH, Defendant

### FALSE IMPRISONMENT

74.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 41 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, East Pittsburgh Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. EAST PITTSBURGH BOROUGH, Defendant

### ASSAULT AND BATTERY

75.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 43 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, East Pittsburgh Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XIII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. EAST PITTSBURGH BOROUGH, Defendant

### Federal Civil Rights Violations

76.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 45 through 48 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, East Pittsburgh Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

### COUNT XIV

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. EAST PITTSBURGH BOROUGH, Defendant

**Violations of the Americans with Disability Act and Section 504 of the Rehabilitation Act**

77.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 50 through 70 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, East Pittsburgh Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

## COUNT XV

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v.
BRADDOCK BOROUGH, Defendant**

### UNDER THE WRONGFUL DEATH ACT

78.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 32 through 34 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Braddock Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT VXI

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. BRADDOCK BOROUGH, Defendant**

**UNDER THE SURVIVAL ACT**

79.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 36 and 37 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Braddock Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

**COUNT XVII**

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. BRADDOCK BOROUGH, Defendant**

**NEGLIGENCE**

80.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 39 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

**COUNT XVIII**

25

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. BRADDOCK BOROUGH, Defendant**

## FALSE IMPRISONMENT

81.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 41 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Braddock Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XIX

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. BRADDOCK BOROUGH, Defendant**

## ASSAULT AND BATTERY

82.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 43 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Braddock Borough, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XX

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. BRADDOCK BOROUGH, Defendant

### Federal Civil Rights Violations

83.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 45 through 48 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

## COUNT XXI

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. BRADDOCK BOROUGH, Defendant

### Violations of the Americans with Disability Act and Section 504 of the Rehabilitation Act

84.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 50 through 70 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Braddock Borough,

27

in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

## COUNT XXII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY EMERGENCY SERVICES, Defendant

### UNDER THE WRONGFUL DEATH ACT

85.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 32 through 34 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Allegheny County Emergency Services in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XXIII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY EMERGENCY SERVICES, Defendant

### UNDER THE SURVIVAL ACT

86.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 36 and 37 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Allegheny County

Emergency Services in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00)

Dollars, exclusive of costs and interest.

## COUNT XXIV

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY EMERGENCY SERVICES, Defendant

### NEGLIGENCE

87.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto,

Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1

through 30,  32 through 34, 36, 37 and 39 inclusive, as fully as if the same had been set forth

herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto,

Deceased, claims compensatory and punitive damages from the Defendant, Allegheny County

Emergency Services in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00)

Dollars, exclusive of costs and interest.

## COUNT XXV

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY EMERGENCY SERVICES, Defendant

### FALSE IMPRISONMENT

88    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto,

Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1

through 30, 32 through 34, 36, 37 and 41 inclusive, as fully as if the same had been set forth

herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Allegheny County Emergency Services in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XXVI

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY EMERGENCY SERVICES, Defendant

### ASSAULT AND BATTERY

89.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 43 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Allegheny County Emergency Services in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XXVII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY EMERGENCY SERVICES, Defendant

### Federal Civil Rights Violations

90.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1

through 30, 32 through 34, 36, 37 and 45 through 48 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Allegheny County Emergency Services in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

**COUNT XXVIII**

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY EMERGENCY SERVICES, Defendant**

**Violations of the Americans with Disability Act and Section 504 of the Rehabilitation Act**

91.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 50 through 70 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Allegheny County Emergency Services in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

**COUNT XXIX**

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY HOUSING AUTHORITY, Defendant**

**UNDER THE WRONGFUL DEATH ACT**

31

92.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 32 through 34 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Allegheny County Housing Authority in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XXX

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY HOUSING AUTHORITY, Defendant

### UNDER THE SURVIVAL ACT

93.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 36 and 37 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Allegheny County Housing Authority in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XXXI

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY HOUSING AUTHORITY, Defendant

### NEGLIGENCE

32

94.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30,  32 through 34, 36, 37 and 39 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Allegheny County Housing Authority in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XXXII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY HOUSING AUTHORITY, Defendant

### FALSE IMPRISONMENT

95     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 41 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Allegheny County Housing Authority in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XXXIII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY HOUSING AUTHORITY, Defendant

### ASSAULT AND BATTERY

33

96.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 43 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Allegheny County Housing Authority in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XXXIV

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY HOUSING AUTHORITY, Defendant

### Federal Civil Rights Violations

97.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 45 through 48 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Allegheny County Housing Authority in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

### COUNT XXXV

34

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY HOUSING AUTHORITY, Defendant**

**Violations of the Americans with Disability Act and Section 504 of the Rehabilitation Act**

98.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 50 through 70 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Allegheny County Housing Authority in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

## COUNT XXXVI

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. CARL RECH, individually and/or as an officer of Braddock Borough, Defendant**

**UNDER THE WRONGFUL DEATH ACT**

99.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 32 through 34 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Carl Rech,

individually and/or as an officer of Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XXXVII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. CARL RECH, individually and/or as an officer of Braddock Borough, Defendant

### UNDER THE SURVIVAL ACT

100.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 36 and 37 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Carl Rech, individually and/or as an officer of Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XXXVIII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. CARL RECH, individually and/or as an officer of Braddock Borough, Defendant

### NEGLIGENCE

101.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30,  32 through 34, 36, 37 and 39 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Carl Rech,

36

individually and/or as an officer of Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XXXIX

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. CARL RECH, individually and/or as an officer of Braddock Borough, Defendant

### FALSE IMPRISONMENT

102.   That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 41 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Carl Rech, individually and/or as an officer of Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XL

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. CARL RECH, individually and/or as an officer of Braddock Borough, Defendant

### ASSAULT AND BATTERY

103.   That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 43 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Carl Rech, individually and/or as an officer of Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XLI

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. CARL RECH, individually and/or as an officer of Braddock Borough, Defendant

### Federal Civil Rights Violations

104.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 45 through 48 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Carl Rech, individually and/or as an officer of Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

## COUNT XLII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. CARL RECH, individually and/or as an officer of Braddock Borough, Defendant

### Violations of the Americans with Disability Act and Section 504 of the Rehabilitation Act

105.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1

through 30, 32 through 34, 36, 37 and 50 through 70 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Carl Rech, individually and/or as an officer of Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.


## COUNT XLIII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ADAM QUINN, individually and/or as an officer of North Braddock Borough, Defendant

### UNDER THE WRONGFUL DEATH ACT

106.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 32 through 34 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Adam Quinn, individually and/or as an officer of North Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

### COUNT XLIV

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ADAM QUINN, individually and/or as an officer of North Braddock Borough, Defendant

### UNDER THE SURVIVAL ACT

39

107     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 36 and 37 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Adam Quinn, individually and/or as an officer of North Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XLV

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ADAM QUINN, individually and/or as an officer of North Braddock Borough, Defendant**

## NEGLIGENCE

108.     That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30,  32 through 34, 36, 37 and 39 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Adam Quinn, individually and/or as an officer of North Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XLVI

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ADAM QUINN, individually and/or as an officer of North Braddock Borough, Defendant**

## FALSE IMPRISONMENT

109.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 41 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Adam Quinn, individually and/or as an officer of North Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XLVII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ADAM QUINN, individually and/or as an officer of North Braddock Borough, Defendant

### ASSAULT AND BATTERY

110.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 43 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Adam Quinn, individually and/or as an officer of North Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XLVIII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ADAM QUINN, individually and/or as an officer of North Braddock Borough, Defendant

### Federal Civil Rights Violations

111.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 45 through 48 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Adam Quinn, individually and/or as an officer of North Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

## COUNT XLIX

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ADAM QUINN, individually and/or as an officer of North Braddock Borough, Defendant
### Violations of the Americans with Disability Act and Section 504 of the Rehabilitation Act

112.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 50 through 70 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Adam Quinn, individually and/or as an officer of North Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

## COUNT L

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ADAM QUINN, individually and/or as an officer of North Braddock Borough, Defendant

### UNDER THE WRONGFUL DEATH ACT

113.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 32 through 34 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Adam Quinn, individually and/or as an officer of North Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

### COUNT LI

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ADAM QUINN, individually and/or as an officer of North Braddock Borough, Defendant

### UNDER THE SURVIVAL ACT

114.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 36 and 37 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Adam Quinn, individually and/or as an officer of North Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

### COUNT LII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ADAM QUINN, individually and/or as an officer of North Braddock Borough, Defendant

**NEGLIGENCE**

115.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30,  32 through 34, 36, 37 and 39 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Adam Quinn, individually and/or as an officer of North Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

**COUNT LIII**

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ADAM QUINN, individually and/or as an officer of North Braddock Borough, Defendant**

**FALSE IMPRISONMENT**

116.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 41 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Adam Quinn, individually and/or as an officer of North Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

**COUNT LIV**

44

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ADAM QUINN, individually and/or as an officer of North Braddock Borough, Defendant**

## ASSAULT AND BATTERY

117.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 43 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Adam Quinn, individually and/or as an officer of North Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT LV

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ADAM QUINN, individually and/or as an officer of North Braddock Borough, Defendant**

## Federal Civil Rights Violations

118.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 45 through 48 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Adam Quinn, individually and/or as an officer of North Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

45

## COUNT LVI

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ADAM QUINN, individually and/or as an officer of North Braddock Borough, Defendant

### Violations of the Americans with Disability Act and Section 504 of the Rehabilitation Act

119.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 50 through 70 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant, Adam Quinn, individually and/or as an officer of North Braddock Borough in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

## COUNT LVII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. NORTH BRADDOCK BOROUGH POLICE DEPARTMENT, Defendant

### UNDER THE WRONGFUL DEATH ACT

120.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 32 through 34 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant North Braddock

Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT LVIII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. NORTH BRADDOCK BOROUGH POLICE DEPARTMENT, Defendant

### UNDER THE SURVIVAL ACT

121.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 36 and 37 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant North Braddock Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT LIX

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. NORTH BRADDOCK BOROUGH POLICE DEPARTMENT, Defendant

### NEGLIGENCE

122.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30,  32 through 34, 36, 37 and 39 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant North Braddock

Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT LX

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. NORTH BRADDOCK BOROUGH POLICE DEPARTMENT, Defendant

### FALSE IMPRISONMENT

123.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 41 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant North Braddock Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT LXI

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. NORTH BRADDOCK BOROUGH POLICE DEPARTMENT, Defendant

### ASSAULT AND BATTERY

124.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 43 inclusive, as fully as if the same had been set forth herein at length.

through 30, 32 through 34, 36, 37 and 50 through 70 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant North Braddock Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

## COUNT LXIV

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. EAST PITTSBURGH BOROUGH POLICE DEPARTMENT, Defendant

### UNDER THE WRONGFUL DEATH ACT

127.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 32 through 34 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant East Pittsburgh Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT LXV

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. EAST PITTSBURGH BOROUGH POLICE DEPARTMENT, Defendant

### UNDER THE SURVIVAL ACT

128.   That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 36 and 37 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant East Pittsburgh Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

### COUNT LVXI

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. EAST PITTSBURGH BOROUGH POLICE DEPARTMENT, Defendant

### NEGLIGENCE

129.   That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30,  32 through 34, 36, 37 and 39 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant East Pittsburgh Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

### COUNT LXVII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. EAST PITTSBURGH BOROUGH POLICE DEPARTMENT, Defendant

### FALSE IMPRISONMENT

51

130.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 41 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant East Pittsburgh Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT LXVIII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. EAST PITTSBURGH BOROUGH POLICE DEPARTMENT, Defendant

### ASSAULT AND BATTERY

131.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 43 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant East Pittsburgh Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT LXIX

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. EAST PITTSBURGH BOROUGH POLICE DEPARTMENT, Defendant

**Federal Civil Rights Violations**

132.   That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 45 through 48 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant East Pittsburgh Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

**COUNT LXX**

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. EAST PITTSBURGH BOROUGH POLICE DEPARTMENT, Defendant**

**Violations of the Americans with Disability Act and Section 504 of the Rehabilitation Act**

133.   That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 50 through 70 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant East Pittsburgh Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

**COUNT LXXI**

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. BRADDOCK BOROUGH POLICE DEPARTMENT, Defendant**

**UNDER THE WRONGFUL DEATH ACT**

134.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 32 through 34 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant Braddock Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

**COUNT LXXII**

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. BRADDOCK BOROUGH POLICE DEPARTMENT, Defendant**

**UNDER THE SURVIVAL ACT**

135.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 36 and 37 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant Braddock Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

### COUNT LXXIII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. BRADDOCK BOROUGH POLICE DEPARTMENT, Defendant

### NEGLIGENCE

136.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30,  32 through 34, 36, 37 and 39 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant Braddock Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

### COUNT LXXIV

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. BRADDOCK BOROUGH POLICE DEPARTMENT, Defendant

### FALSE IMPRISONMENT

137.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 41 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant Braddock Borough

Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00)

Dollars, exclusive of costs and interest.

## COUNT LXXV

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. BRADDOCK BOROUGH POLICE DEPARTMENT, Defendant

### ASSAULT AND BATTERY

138.   That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto,

Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1

through 30, 32 through 34, 36, 37 and 43 inclusive, as fully as if the same had been set forth

herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto,

Deceased, claims compensatory and punitive damages from the Defendant Braddock Borough

Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00)

Dollars, exclusive of costs and interest.

## COUNT LXXVI

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. BRADDOCK BOROUGH POLICE DEPARTMENT, Defendant

### Federal Civil Rights Violations

139.   That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto,

Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1

through 30, 32 through 34, 36, 37 and 45 through 48 inclusive, as fully as if the same had been

set forth herein at length.

56

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant Braddock Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

## COUNT LXXVII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. BRADDOCK BOROUGH POLICE DEPARTMENT, Defendant

### Violations of the Americans with Disability Act and Section 504 of the Rehabilitation Act

140.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 50 through 70 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant Braddock Borough Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

## COUNT LXXVIII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY HOUSING AUTHORITY POLICE DEPARTMENT, Defendant

### UNDER THE WRONGFUL DEATH ACT

141.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1

57

through 30 and 32 through 34 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant Allegheny County Housing Authority Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

### COUNT LXXIX

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY HOUSING AUTHORITY POLICE DEPARTMENT, Defendant

### UNDER THE SURVIVAL ACT

142.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30 and 36 and 37 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant Allegheny County Housing Authority Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

### COUNT LXXX

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY HOUSING AUTHORITY POLICE DEPARTMENT, Defendant

### NEGLIGENCE

143.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30,  32 through 34, 36, 37 and 39 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant Allegheny County Housing Authority Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT LXXXI

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY HOUSING AUTHORITY POLICE DEPARTMENT, Defendant

### FALSE IMPRISONMENT

144.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 41 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant Allegheny County Housing Authority Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT LXXXII

### SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY HOUSING AUTHORITY POLICE DEPARTMENT, Defendant

59

**ASSAULT AND BATTERY**

145.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 43 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant Allegheny County Housing Authority Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

**COUNT LXXXIII**

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY HOUSING AUTHORITY POLICE DEPARTMENT, Defendant**

**Federal Civil Rights Violations**

146.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 45 through 48 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant Allegheny County Housing Authority Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

**COUNT LXXXIV**

**SUSAN KERNICK, Administratrix of the Estate of Gary Beto, Deceased, Plaintiff v. ALLEGHENY COUNTY HOUSING AUTHORITY POLICE DEPARTMENT, Defendant**

**Violations of the Americans with Disability Act and Section 504 of the Rehabilitation Act**

147.    That Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, hereby incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, 32 through 34, 36, 37 and 50 through 70 inclusive, as fully as if the same had been set forth herein at length.

WHEREFORE, Plaintiff, Susan Kernick, Administratrix of the Estate of Gary Beto, Deceased, claims compensatory and punitive damages from the Defendant Allegheny County Housing Authority Police Department in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of attorneys' fees costs and interest.

Respectfully submitted,

CUTRUZZULA & NALDUCCI

By:_____
     Walter J. Nalducci, Esquire
     Attorney for Plaintiff

61

# A F F I D A V I T

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF ALLEGHENY

BEFORE     ME,     the     undersigned     authority,     personally     appeared

_Susan A. Kernick_____ who, being first duly sworn

according   to   law,   deposes   and   says   that   the   facts   set   forth   in   the   foregoing

_Complaint_____ are   true   and   correct   to   the   best   of   his/her

knowledge, information and belief.

x _Susan A Kernick_

SWORN TO AND SUBSCRIBED
before me this _12th_ day
of _January_____, 20_15_.

_Kristina Baker_
Notary Public

```
COMMONWEALTH OF PENNSYLVANIA
           Notarial Seal
      Kristina Baker, Notary Public
   City of Pittsburgh, Allegheny County
 My Commission Expires April 10, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES
```

## CERTIFICATE OF SERVICE

I, Walter J. Nalducci, Esquire hereby certify that I served a true and correct copy of the

foregoing Complaint upon the following by United States Mail, postage pre-paid, this date:

Lee Dellecker, Esquire
Allegheny County Law Department
300 Fort Pitt Commons Building
445 Fort Pitt Blvd
Pittsburgh, PA 15219
**(Attorney for Allegheny Emergency
Services)**

Paul Krepps, Esquire
Marshall Dennehey Warner Coleman &
Goggin, P.C.
2900 USX Tower
600 Grant Street
Pittsburgh, PA 15219
**(Attorney for East Pittsburgh Borough)**

Bethann Lloyd, Esquire
Grogan Graffam P.C.
4 Gateway Center #12
Pittsburgh, PA 15222
**(Attorney for Allegheny County Housing
Authority)**

Braddock Borough Police Dept.
639 Corey Avenue
Braddock, PA 15104
**(Pro Se)**

Braddock Borough
415 Sixth Street
Braddock, PA 15104
**(Pro Se)**

Allegheny County Housing Authority Police
Department
625 Stanwix Street
12th Floor
Pittsburgh, PA 15222
**(Pro Se)**

North Braddock Police Department
600 Anderson Street
North Braddock, PA 15104
**(Pro Se)**

East Pittsburgh Borough Police Department
811 Linden Avenue
East Pittsburgh, PA 15112
**(Pro Se)**

Samuel H. Foreman, Esquire
Weber, Gallagher, Simpson, Stapleton, Fires &
Newby, LLP
2 Gateway Center
Suite 1450
Pittsburgh, PA 15222
**(Attorney for Borough of North Braddock,
Officer Carl Rech and Officer Adam Quinn)**

Date: _____1/1/2014_____

By:_____
    Walter J. Nalducci, Esquire
    Attorney for Plaintiff