IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN KERNICK, ADMINISTRATRIX OF THE ESTATE OF GARY BETO, Deceased, | : CIVIL DIVISION :<br>: No. 2:15-cv-00099 : |
| Plaintiffs, | : : |
| v. | : : |
| NORTH BRADDOCK BOROUGH, EAST PITTSBURGH BOROUGH; ALLEGHENY COUNTY EMERGENCY SERVICES; ALLEGHENY COUNTY HOUSING AUTHORITY; CARL RECH, individually and/or as an officer of Braddock Borough, ADAM QUINN, individually and/or as an officer of Braddock Borough, NORTH BRADDOCK BOROUGH POLICE DEPARTMENT; EAST PITTSBURGH BOROUGH POLICE DEPARTMENT; BRADDOCK BOROUGH POLICE DEPARTMENT; and ALLEGHEY COUNTY HOSUING POLICE DEPARTMENT | : : : : : : : : : : : : : : **JURY TRIAL DEMANDED** : : : : : : : |
| Defendants. | : |

## PARTIAL MOTION TO DISMISS

Defendants, the Borough of North Braddock, North Braddock Borough Police Department, and Adam Quinn, by and through their counsel, Weber

1

Gallagher Simpson Stapleton Fires & Newby LLP, file the following Partial Motion to Dismiss:

1. The instant lawsuit was commenced by Plaintiff with the filing of a Praecipe for Writ of Summons on October 23, 2014, with the Allegheny County Court of Common Pleas naming as Defendants: North Braddock Borough, Adam Quinn, individually and/or as an officer of North Braddock Borough, East Pittsburgh Borough, Braddock Borough, Carl Rech, individually and/or as an officer of Braddock Borough, Allegheny County Emergency Services, and Allegheny County Housing Authority (Case No.: GD-14-019772). Thereafter, On November 19, 2014, Plaintiff initiated a second action with the filing of a second Preacipe for Writ of Summons naming as Defendants: North Braddock Borough Police Department, East Pittsburgh Borough Police Department, Braddock Borough Police Department, and Allegheny County Housing Authority Police Department (Case No.: GD-14-021252).

2. On January 12, 2015, Plaintiff filed the instant Complaint against all Defendants previously referenced and identified within the Writs of Summons. (See Complaint; Exhibit A.)

3. On January 22, 2015, Defendants, East Pittsburgh Borough and East Pittsburgh Borough Police Department, with the consent of all Defendants, filed a Notice of Removal of the consolidated lawsuits with this Court. (Docket #1.)

4. In the Complaint, Plaintiff asserts a identical causes of action against each of the previously identified Defendants, including: Wrongful Death Act claim; Survival Act Claim; Negligence (including Negligent Infliction of Emotional Distress); False Imprisonment; Assault and Battery; Federal Civil Rights Violations (pursuant to 42 U.S.C. § 1983); and Violations of the American with Disability (sic) Act ("ADA") and Section 504 of the Rehabilitation Act

## I. <u>ARGUMENT</u>

5. For the following reasons, the following causes of action set forth in Plaintiff's Complaint against North Braddock Borough, North Braddock Borough Police Department, and Officer Adam Quinn should be dismissed, with prejudice.

**A. This Court should dismiss all state law claims against the Borough of North Braddock and Officer Quinn pursuant to the immunity afforded to these Defendants by the Pennsylvania Political Subdivision Torts Claims Act.**

6. In the instant case, the Borough of North Braddock and Officer Quinn, individually and in his official capacity as a police officer for North Braddock Borough, are immune from liability for state law tort and intentional tort claims under Section 8541 and Section 8545 of the PSTCA.

7. As a result, the causes of action against the Borough of North Braddock and Officer Quinn, individually and in his official capacity, should be dismissed with prejudice.

**B. The Court should dismiss Plaintiff's claims against these Defendants for the alleged violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act because Plaintiff has failed to establish that Mr. Beto was discriminated against in a service, program, or activity of a public entity due to his a disability.**

8.     Here, Plaintiff's claim for Defendants' violation of Title II of the American's with Disabilities Act and Section 504 of the Rehabilitation Act must be dismissed because Defendants were faced with exigent circumstances in the arrest of Mr. Beto.

9.     Therefore, Plaintiff's claims for Violation of the American's with Disabilities Act and the Rehabilitation Act against the Borough of North Braddock and Officer Quinn should be dismissed with prejudice.

**C. This Court should dismiss Plaintiff's claims for punitive damages against the Borough of North Braddock and Officer Adam Quinn pursuant to Section 8553 of the Pennsylvania Political Subdivision Torts Claims Act.**

10.    Even in cases that PTSCA immunity has been waived for suit against a local agency, a plaintiff is limited to recovering the types of damages outlined in 42 Pa.C.S.A. § 8553(c).

11.    Because punitive damages are not listed as a recoverable type of damage pursuant to § 8553(c), they may not be recovered against North Braddock Borough or Officer Quinn in his official capacity.  See Marko by Marko v. City of Philadelphia, 576 A.2d 1193, 1194 (Pa. Commw. Ct. 1990).

12. An individual defendant may be held liable in his individual capacity for punitive damages if his actions are motivated by "evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983).

13. In the instant matter, however, because Plaintiff does not set forth any factual allegations to suggest that Officer Quinn acted with the necessary evil motive or intent, actual malice, or reckless indifference to Mr. Beto's protected rights, Plaintiff's punitive damages claim against Officer Quinn in his individual capacity also cannot be sustained.

14. As such, Plaintiff's demand for punitive against Officer Quinn should be dismissed, with prejudice.

**D. North Braddock Police Department should be dismissed from the present case because the Borough of North Braddock and its police department are not separate legal entities and, therefore, the police department is an improper and unnecessary party to this action.**

15. A local police department may not be sued along with its municipality because the police department is not a separate legal entity. Retzler v. Bristol Borough Police, No. CIV.A. 08-3245, 2009 WL 595595, at *4 (E.D. Pa. Mar. 6, 2009) (citing Padilla v. Twp. of Cherry Hill, 110 F. App'x 272, 278 (3d Cir. 2004)); see also Monastra v. Delaware Cnty. Sheriff's Office, 49 A.3d 556, 558 (Pa. Commw. Ct. 2012) (police department is not legal entity separate from its

political subdivisions and, therefore, the police department is not a proper party to this lawsuit).

16.   Because local police departments, such as the North Braddock Borough Police Department, are a branch or subunit of its political subdivision, it does not have a corporate identity independent of the Borough and, as such, it is an improper party to the present action.  See Crock v. City/Town, or Boro of Mt. Lebanon, Pa., No. CIV.A.09-426, 2010 WL 2606627, at *2 (W.D. Pa. May 25, 2010) report and recommendation adopted, No. CIV.A.09-426, 2010 WL 2606624 (W.D. Pa. June 28, 2010).

17.   As a result, Count LVII through Count LXII of the Complaint asserted against the North Braddock Borough Police Department should be dismissed from the instant action, as a matter of law, with prejudice.

**E. This Court should dismiss, with prejudice, Counts L through LVI of the Complaint asserted against Officer Adam Quinn, individually and/or as an officer of North Braddock Borough, because these claims are wholly duplicative of Counts XLIV through XLIX set forth against Officer Quinn.**

18.   Count L through Count LVI of the Complaint, asserting claims for Wrongful Death, Survival Action, Negligence (and Negligent Infliction of Emotional Distress), False Imprisonment, Assault and Battery, Federal Civil Rights Violations, and Violations of the ADA and Section 504 of the Rehabilitation Act, respectfully, against Officer Adam Quinn, individually and/or

as an officer of North Braddock Borough, must be dismissed with prejudice, because Plaintiff previously set forth identical and entirely duplicative claims against Officer Quinn within Count XLIV through Count XLIX of the Complaint.

### F. Defendants, Borough of North Braddock, North Braddock Borough Police Department, and Officer Adam Quinn join in the Motions of any other Defendants.

19. To the extent that Motions to Dismiss are filed by other Defendants in this matter, these Defendants hereby adopt and incorporate any and all applicable arguments contained in such Motions as if the same were set forth herein at length.

WHEREFORE, the Borough of North Braddock and Officer Adam Quinn respectfully request that this Honorable Court grant their Partial Motion to Dismiss.

                                          Respectfully submitted,

By: _____
     Samuel H. Foreman, Esquire
     PA I.D. #77096
     Email: sforeman@wglaw.com
     Matthew R. Zwick, Esquire
     PA I.D. #313839
     Email: mzwick@wglaw.com

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY
LLP
Firm #594
Two Gateway Center, Suite 1450
603 Stanwix Street
Pittsburgh, PA 15222
Phone: (412) 281-4541
Fax: (412) 281-4547

Attorneys for Defendants,
Borough of North Braddock, North
Braddock Borough Police
Department, and Officer Adam Quinn