## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN KERNICK, | : | CIVIL DIVISION |
| ADMINISTRATRIX OF THE | : | |
| ESTATE OF GARY BETO, | : | No.  2:15-cv-00099 |
| Deceased, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| NORTH BRADDOCK BOROUGH, | : | |
| EAST PITTSBURGH BOROUGH; | : | |
| ALLEGHENY COUNTY | : | |
| EMERGENCY SERVICES; | : | |
| ALLEGHENY COUNTY | : | |
| HOUSING AUTHORITY; CARL | : | |
| RECH, individually and/or as an | : | |
| officer of Braddock Borough, | : | |
| ADAM QUINN, individually and/or | : | |
| as an officer of Braddock Borough, | : | |
| NORTH BRADDOCK BOROUGH | : | |
| POLICE DEPARTMENT; EAST | : | **JURY TRIAL DEMANDED** |
| PITTSBURGH BOROUGH | : | |
| POLICE DEPARTMENT; | : | |
| BRADDOCK BOROUGH POLICE | : | |
| DEPARTMENT; and ALLEGHEY | : | |
| COUNTY HOSUING POLICE | : | |
| DEPARTMENT | : | |
| | : | |
| Defendants. | : | |

## BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS

The instant lawsuit was commenced by Plaintiff with the filing of a Praecipe

for Writ of Summons on October 23, 2014, with the Allegheny County Court of

Common Pleas naming as Defendants: North Braddock Borough, Adam Quinn,

individually and/or as an officer of North Braddock Borough, East Pittsburgh Borough, Braddock Borough, Carl Rech, individually and/or as an officer of Braddock Borough, Allegheny County Emergency Services, and Allegheny County Housing Authority (Case No.: GD-14-019772).  Thereafter, On November 19, 2014, Plaintiff initiated a second action with the filing of a second Preacipe for Writ of Summons naming as Defendants: North Braddock Borough Police Department, East Pittsburgh Borough Police Department, Braddock Borough Police Department, and Allegheny County Housing Authority Police Department (Case No.: GD-14-021252).

On December 23, 2014, the Allegheny Court of Common Pleas granted Plaintiff's Motion to Consolidate the two aforementioned actions and ordered Plaintiff to file a consolidated Complaint within 20 days.  On January 12, 2015, Plaintiff filed the instant Complaint against all Defendants previously referenced and identified within the Writs of Summons.  (See Complaint, attached hereto as Exhibit "A.")  On January 22, 2015, Defendants, East Pittsburgh Borough and East Pittsburgh Borough Police Department, with the consent of all Defendants, filed a Notice of Removal of the consolidated lawsuits with this Court.  (Docket #1.)  On January 27, 2015, all parties to this action stipulated that Defendants' responses to Plaintiff's Complaint shall be due on or before March 2, 2015. (Docket #3.)

I. __STATEMENT OF FACTS AS PLEADED IN COMPLAINT__

According to the Complaint, on September 3, 2013, at approximately 9:00 P.M., Plaintiff's Decedent, Gary Beto ("Mr. Beto"), who allegedly suffered from a long history of mental illness, called "911" to report two men who were in an alley behind his house located at 1724 Brinton Road.  (Exh. A, ¶ 14.)  Mr. Beto also allegedly reported that he planned to investigate the men in the alley and the 911 operator dispatched police officers to his approximate location.  (Exh. A, ¶ 14.)  At or about this same time, residents of a home on Murdough Street in North Braddock also called 911 and reported that an individual was sitting in a parked car outside of their home.  (Exh. A, ¶ 15.)  The unidentified residents reported that this individual had been "driving around the neighborhood for several days, that he was hearing things and seemed paranoid, and that he repeatedly apologized to the residents for bothering them."  (Exh. A, ¶ 15.)  At that time, the 911 operator dispatched officers to the address provided by the caller, and allegedly indicated that this call might be related to the prior call placed by Mr. Beto.  (Exh. A, ¶ 15.)

Plaintiff alleges that two police officers from North Braddock Police Department, including Officer Adam Quinn, responded to the 911calls, and that these officers were then joined by an unidentified officer from East Pittsburgh Borough Police Department.  (Exh. A, ¶ 16.)  At approximately 9:05 P.M., the officers had allegedly "detained" Mr. Beto, which was reported to 911 dispatch.

(Exh. A, ¶ 17.)  Over the course of the next twenty-five (25) minutes, these three officers were joined by two additional officers from the Allegheny County Housing Authority Police Department.  (Exh. A, ¶ 18.)  Plaintiff alleges that the five officers had a "discussion" with Mr. Beto, at which time Mr. Beto "showed clear signs of mental illness."  (Exh. A, ¶ 18.)  During this discussion, Mr. Beto allegedly "informed the officer that he had a small knife and pellet gun, which he voluntarily gave to the aforementioned officers who left the scene thereafter to respond to another call."  (Exh. A, ¶ 19.)

On or around 9:50 P.M., Plaintiff claims that the "911 center received a call from a resident of Ridge Avenue, a mere twenty minutes later and one block from where [Mr. Beto] had been detained."  (Exh. A, ¶ 20.)  This caller allegedly reported that "an individual had been loitering around his car and had then tried to enter the caller's house to look for his brother" but that the "individual had since left his house and was walking up the street."  (Exh. A, ¶ 20.)  Two officers from East Pittsburgh Borough allegedly responded to this 911 call separately and they were informed that this call was regarding to the same individual that they stopped earlier.  (Exh. A, ¶ 21.)  While the East Pittsburgh Borough police officers attempted to take Mr. Beto into custody, the officers allegedly forced Beto to the ground, "then stood him back up to deploy pepper spray against him, resulting in the contamination of all three individuals."  (Exh. A, ¶ 22.)  Thereafter, Plaintiff

alleges that the "two East Pittsburgh officers stopped [Mr. Beto], forced him to the ground and handcuffed his arms in front of his body as he lay on his stomach[.]" (Exh. A, ¶ 23.)  One of the unidentified East Pittsburgh officers then allegedly "administered over a dozen blows of the baton to [Beto's] legs." (Exh. A, ¶ 23.)

According to Plaintiff, "[a]fter several minutes, five additional officers arrived on the scene, including two from the Borough of North Braddock Police Department and two from the Allegheny County Housing Authority Police Department who had responded to the earlier call regarding [Mr. Beto]." (Exh. A, ¶ 24.)  Officer Carl Rech of the Borough of Braddock Police Department also responded at this time. (Exh. A, ¶ 24.)  Officer Adam Quinn, of North Braddock Police Department, then allegedly "positioned his knee on [Mr. Beto's] left shoulder, compressing his chest against the ground." (Exh. A, ¶ 25.)  At or about this same time, Officer Carl Rech also allegedly "positioned himself with his knee on [Mr. Beto's] left shoulder for a period of time, again compressing his chest to the ground." (Exh. A, ¶ 26.)  Officer Rech then allegedly "rose to his feet and deployed his taser to [Mr. Beto] five (5) times over the course of a two minute period." (Exh. A, ¶ 27.)

As a result of these forces allegedly used against him, Mr. Beto became unresponsive and the officers were unable to locate his pulse. (Exh. A, ¶ 28.)  Plaintiff claims that, as a result of this "confrontation," Mr. Beto sustained the

following injuries: abrasions of the head and face; contusions of the head and face; subarachnoid hemorrhage; multiple contusions and bruises of the body; and cardiac arrest.  (Exh. A, ¶ 29.)  In addition, according to Plaintiff, as a result of the "aforementioned accident and injuries," and "after a long, slow, consciously painful and agonizing course," Mr. Beto died.  (Exh. A, ¶ 30.)

In the Complaint, Plaintiff asserts identical causes of action against each of the previously identified Defendants, including:

     i.    Wrongful Death Act claim;

     ii.    Survival Act Claim;

     iii.    Negligence (including Negligent Infliction of Emotional Distress);

     iv.    False Imprisonment;

     v.    Assault and Battery;

     vi.    Federal Civil Rights Violations; and

     vii.    Violations of the American with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act

## II.   STANDARD OF REVIEW

A complaint is sufficient if it complies with Federal Rule of Civil Procedure 8(a)(2).  F.R.C.P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" in order to give the defendant fair

notice of what the claim is and the grounds upon which it rests.  <u>Bell Atlantic</u> <u>Corp. v. Twombly</u>, 550 U.S. 544 (2007).

The purpose of a motion to dismiss, under Fed. R. Civ. P. 12(b)(6), is to test the legal sufficiency of the Complaint.  <u>See</u> <u>Pagnotti Enters., Inc. v. Beltrami., Inc.</u>, 787 F. Supp 440, 443 (M.D. Pa 1992).  In addressing a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Phillip v. County</u> <u>of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008).  However, a plaintiff must provide the grounds for his entitlement to relief with something greater than labels and conclusions, and a formulaic recitation of the elements of a cause of action is insufficient. <u>Id.</u>  A complaint must contain factual allegations that are enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." <u>Id</u>. at 1965.  Accordingly, adequately stating a claim "requires a complaint with enough factual matter (taken as true) to suggest the required element." <u>Id.</u>  at 234.

For the following reasons, the following causes of action set forth in Plaintiff's Complaint against North Braddock Borough, North Braddock Borough Police Department, and Officer Adam Quinn should be dismissed, with prejudice.

III.   **ARGUMENT**

Plaintiff's Complaint sets forth numerous state law claims against North Braddock Borough and Officer Quinn, individually and in his official capacity as a police officer for the Borough, sounding in negligence and/or intentional tort. These claims must be dismissed because Officer Quinn is entitled to immunity by the Pennsylvania Political Subdivision Torts Claims Act ("PSTCA"), 42 Pa.C.S.A. § 8541.  Next, the Court should dismiss Plaintiff's claims for violation of the ADA and the Rehabilitation Act because, even after a liberal reading of the Complaint, Plaintiff has failed to establish that Mr. Beto, as an alleged disabled individual,[1] was discriminated against by a public entity in the provision of a service, program, or activity on the basis of his alleged disability.   Furthermore, Plaintiff's claims for punitive damages against North Braddock Borough and Officer Quinn, individually and in his official capacity as a police officer of the Borough, are barred by clearly established law and, therefore, such claims should be dismissed with prejudice.

Furthermore, the Court should dismiss the North Braddock Borough Police Department from the present case, because the Borough of North Braddock and its police department are not separate legal entities.  The Court should further dismiss

---

[1] Defendants do not focus on whether Mr. Beto was "disabled" within the meaning of the ADA, because Defendants contend the ADA and RA claims should be dismissed on grounds irrespective of whether Mr. Beto was disabled within the meaning of the act.  Defendants wish to parenthetically note that they do not stipulate or concede Mr. Beto's disability for ADA purposes if these claims advance.

Counts L through LVI of the Complaint as wholly duplicative of Counts XLIV through XLIX set forth against Officer Adam Quinn. Upon information and belief, Plaintiffs set forth two sets of identical counts against Officer Quinn by accident.

### A. This Court should dismiss all state law claims against the Borough of North Braddock and Officer Quinn pursuant to the immunity afforded to these Defendants by the Pennsylvania Political Subdivision Torts Claims Act.

In the instant case, the Borough of North Braddock and Officer Quinn, in his official capacity as a police officer for North Braddock Borough, are immune from liability for state law tort and intentional tort claims under Section 8541 and Section 8545 of the PSTCA. Defendants will examine these two Defendants separately, beginning with the Borough.

PSTCA Immunity for the Borough of North Braddock

Section 8541 of the PSTCA states:

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or any other person.

42 Pa.C.S.A. § 8541 (West). According to Section 8501, a local agency includes:

A government unit other than the Commonwealth government. The term includes, but is not limited to, an intermediate unit; municipalities cooperating in the exercise or performance of governmental functions, powers or responsibilities under 53 Pa.C.S. Ch. 23 Subch. A (relating to intergovernmental cooperation); and councils of government and other entities created by two or more municipalities under 53 Pa.C.S. Ch. 23 Subch. A.

42 Pa.C.S.A. § 8501.

The PSTCA provides that a local government entity and its employees may only be liable to a person due to negligent acts that fall within one of eight enumerated exceptions to immunity.  <u>See</u>  42 Pa.C.S.A. § 8542(a).  Those eight enumerate categories are: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) the care, custody, or control of animals.  42 Pa.C.S.A. § 8542(b).

In the present case, the allegations of Plaintiff's Complaint fail to bring the claims against North Braddock Borough within the ambit of any of the eight exceptions to the general immunity provided to the Borough.  More specifically, Plaintiff's negligence claim asserts that Mr. Beto sustained personal injuries *in the course of his arrest by police officers of various municipalities*, which does not fall within an exception provided for by Section 8542(b).  As such, because Plaintiff does not assert a negligence claim that would qualify for an exception to the general grant of immunity afforded to the Borough of North Braddock, Plaintiff's negligence claim against the Borough should be dismissed with prejudice.

42 Pa.C.S. § 8550 contains another exception to immunity, where an employee acts with actual malice or willful misconduct.  To the extent Plaintiff has asserted intentionally tortious actions by Officer Quinn, that section would deprive

him, personally, of this immunity, but only to the extent he is alleged to have acted more than negligently.  However, while Section 8550 may abrogate the immunity provided to individual employees of local agencies in Section 8541, it does not remove the immunity of the local agency.  42 Pa.C.S. § 8550; see Smith v. City of Chester, 851 F.Supp. 656, 659 (E.D. Pa 1994).  Consequently, the Borough of North Braddock is also immune from suit for both the state law intentional tort and negligence claims that Plaintiff attempts to assert in the Complaint.  In addition, Plaintiff's distinct counts for "Wrongful Death" and "Survival Action," as these claims rely exclusively on the allegations of negligence, should likewise be dismissed.  See Burkhart v. Knepper, 310 F. Supp. 2d 734, 745 (W.D. Pa. 2004).

As a result, the causes of action against the Borough for Wrongful Death (Count I), Survival (Count II), Negligence (Count III), False Imprisonment (Count IV), and Assault and Battery (Count V) should be dismissed, as a matter of law, with prejudice.

### PSTCA - Section 8545 – Immunity provided to Officer Quinn

In the instant case, Officer Adam Quinn, individually and in his official capacity as a police officer of North Braddock Borough, is immune from liability for tort claims pursuant to Section 8545 of the PSTCA.  Section 8545 grants the same immunity to an employee of the local agency as Section 8541 grants to the

local agency, itself, when such employee was acting within the scope of his official

duties.   <u>See</u> 42 Pa.C.S.A. § 8545.  More specifically, Section 8545 provides:

> An employee of a local agency is liable for civil damages
> on account of any injury to a person or property caused
> by acts of the employee which are within the scope of his
> office or duties **only to the same extent as his
> employing local agency and subject to the limitations
> imposed by this subchapter.**

<u>Id</u> (emphasis added).

Although official immunity, pursuant to Section 8545, is abrogated by

Section 8550 of the PSTCA, "with respect to individuals only, for conduct

constituting a crime, actual fraud, actual malice or willful misconduct[,]" Plaintiff

has failed to sufficiently plead facts that would establish that Officer Quinn acted

with the necessary willful misconduct.   <u>See</u> <u>Robbins v. Cumberland County</u>

<u>Children & Youth Services</u>, 802 A.2d 1239, 1252 (Pa. Commw. Ct. 2002); <u>see also</u>

<u>Diaz v. Houck</u>, 632 A.2d 1081, 1085 (Pa. Commw. Ct. 1993).   In other words,

Section 8550 of the PSTCA provides that, "immunity shall not protect employees

against acts that are judicially determined to be a crime, actual fraud, actual malice

or willful misconduct."   <u>Williams v. City of Philadelphia</u>, 569 A.2d 419, 421 (Pa.

Commq. Ct. 1990).  However,

> [f]or purposes of the Tort Claims Act, "willful misconduct" is
> synonymous with the term "intentional tort." <u>King v. Breach</u>, 115
> Pa.Cmwlth. 355, 367, 540 A.2d 976, 981 (1988). The governmental
> employee must desire to bring about the result that followed his

conduct or be aware that it was substantially certain to follow. McNeal v. City of Easton, 143 Pa. Cmwlth. 151, 598 A.2d 638 (1991); Williams v. City of Philadelphia, 131 Pa.Cmwlth. 71, 569 A.2d 419 (1990).

Burkhart, 310 F. Supp. at 744 (citing Kuzel v. Krause, 658 A.2d 856, 859 (Pa. Commw. Ct. 1995); see also Robbins, 802 A.2d at 1252 (citing Diaz, 632 A.2d at 1085).

In the present action, to prove the state law claims against Officer Quinn, Plaintiff must show that Officer Quinn desired to bring about Mr. Beto's death or that he was aware that Beto's death was substantially certain to follow from his actions. See Burkhart, 310 F. Supp. at 745. The facts alleged in the Complaint do not provide for the application of the § 8550 willful conduct exception to the immunity provided to Officer Quinn by the PTSCA. In particular, Plaintiff does not allege facts to suggest that Officer Quinn desired to bring about Mr. Beto's death, that knew or should have known that Mr. Beto's death was imminent, that he committed a crime, or that he acted with any kind of malice or willful misconduct towards Mr. Beto. the Complaint does not assert that Officer Quinn acted without privilege to apprehend and/or detain Mr. Beto is his capacity as a policer officer of the Borough of North Braddock. Accordingly, for the reasons provided for above, the state law tort claims (Wrongful Death, Survival Act, and Negligence) and intentional tort claims (False Imprisonment and Assault and

Battery) against Officer Quinn, individually and in his official capacity, should be dismissed as a matter of law.

**B.  The Court should dismiss Plaintiff's claims against these Defendants for the alleged violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act because Plaintiff has failed to establish that Mr. Beto was discriminated against in a service, program, or activity of a public entity due to his a disability.**

In order to state a claim under the ADA and § 504, a plaintiff must sufficiently allege that he (1) is disabled, (2) is otherwise qualified for the service, program, or activity of the public entity, and (3) was discriminated against in that service, program, or activity solely on the basis of his disability. See Wagner v. Fair Acres Geriatric Ctr., 49 F.3d 1002, 1009 (3d Cir.1995).[2]  Although the ADA does not define "services, programs, or activities[,]" § 504 specifies that "program or activity' means all of the operations of . . . a department, agency, special purpose district, or other instrumentality of a State or of a local government[.]"  29 U.S.C. § 794(b)(1)(A).

In order to successfully bring a claim under Title II of the ADA and/or Section 504 of the Rehabilitation Act, a necessary prerequisite is that a disabled person be denied the benefits of a service, program, or activity by a public entity based solely on the individual's disability.  Hainze v. Richards, 207 F.3d 795, 801 (5th Cir. 2000) (citing 28 C.F.R. § 35.101).  Nevertheless, "Title II does not apply

---

[2] Note that Section 504 requires an additional showing that the public program receives federal financial assistance, which the Plaintiff has pleaded in the instant case.  29 U.S.C. § 794(a).

to an officer's on-the-street responses to reported disturbances or other similar incidents, whether or not those calls involve subjects with mental disabilities, prior to the officer's securing the scene and ensuring that there is no threat to human life." Morais v. City of Philadelphia, No. CIV.A.06-582, 2007 WL 853811, at *12 (E.D. Pa. Mar. 19, 2007) (citing Hainze, 207 F.3d at 801).   According to the Hainze Court, "to require officers to factor in whether their actions are going to comply with the ADA, in the presence of exigent circumstances and prior to securing the safety of themselves, other officers, and any nearby civilians, would pose an unnecessary risk to innocents." Id.

In the present matter, the facts alleged within Plaintiff's Complaint characterize a situation in which the officers, and specifically Officer Quinn, were presented with a situation of exigent circumstances and one that called for immediate action and intervention.   Here, it is pleaded in the Complaint that, on the evening in question, at one time, Mr. Beto was initially armed with a knife and pellet gun.   In addition, the Complaint fails to identify facts to suggest that the Borough of North Braddock, acting through Officer Quinn, in any way denied Mr. Beto the benefits of a service, program or activity due to his disability.   On its face, the Complaint alleges that upon responding to the reported disturbance, Officer Quinn merely assisted in securing the scene and ensuring that there was no threat to innocent persons.

Although the Complaint sets forth general averments, which amount to nothing more that legal conclusions regarding the practices, policies, and procedures, and training provided by the municipal Defendants, the Complaint does not set forth any allegations or identify any specific actions of Officer Quinn which would support Plaintiff's claims for violation of the ADA or Rehabilitation Act against these Defendants.   As a result, Plaintiff's claims against North Braddock Borough and Officer Quinn for violations of the ADA and § 504 of the Rehabilitation Act should be dismissed as a matter of law.

      **C. <u>This Court should dismiss Plaintiff's claims for punitive damages against the Borough of North Braddock and Officer Adam Quinn pursuant to Section 8553 of the Pennsylvania Political Subdivision Torts Claims Act.</u>**

The Borough of North Braddock and Officer Quinn are immune from liability for punitive damages pursuant to Section 8553 of the PSTCA.  Section 8553(c) provides:

> Damages shall be recoverable only for:
>
>     (1) Past and future loss of earnings and earning capacity.
>
>     (2) Pain and suffering in the following instances:
>
>         (i) death; or
>
>         (ii) only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical and dental expenses referred to in paragraph (3) are in excess of $1,500.

(3) Medical and dental expenses including the reasonable value of reasonable and necessary medical and dental services, prosthetic devices and necessary ambulance, hospital, professional nursing, and physical therapy expenses accrued and anticipated in the diagnosis, care and recovery of the claimant.

(4) Loss of consortium.

(5) Loss of support.

(6) Property losses.

42 Pa.C.S.A. § 8553(c).

The Borough of North Braddock and Officer Quinn in his official Capacity

Initially, even in cases that PTSCA immunity has been waived for suit against a local agency, a plaintiff is limited to recovering the types of damages outlined in 42 Pa.C.S.A. § 8553(c). Because punitive damages are not listed as a recoverable type of damage pursuant to § 8553(c), they may not be recovered against North Braddock Borough or Officer Quinn in his official capacity. See Marko by Marko v. City of Philadelphia, 576 A.2d 1193, 1194 (Pa. Commw. Ct. 1990). Additionally, according to the Pennsylvania Supreme Court, punitive damages are not recoverable against a local agency of this Commonwealth. Young v. Borough of E. Berlin, 4 Pa. D. & C.4th 140, 143 (Com. Pl. 1989)(citing Feingold v. Se. Pennsylvania Transp. Auth., 517 A.2d 1270, 1277 (Pa. 1986). The Supreme Court of the United State has also ruled that punitive damages may not be

awarded against municipalities actions brought under 42 U.S.C. §1983.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

Likewise, because official capacity suits are in effect suits against a governmental entity, punitive damages are not available against an police officer in his official capacity.  Gregory v. Chehi, 843 F.2d 111, 120 (3rd Cir., 1998). Accordingly, Plaintiff's claim for punitive damages against the Borough of North Braddock and Officer Adam Quinn, in his official capacity, should be dismissed with prejudice.

### Officer Quinn in his individual capacity

An individual defendant may be held liable in his individual capacity for punitive damages if his actions are motivated by "evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983).

In the instant matter, similar to Defendants' argument in support of PSTCA immunity for Officer Quinn, in his individual capacity, because Plaintiff does not set forth any factual allegations to suggest that Officer Quinn acted with the necessary evil motive or intent, actual malice, or reckless indifference to Mr. Beto's protected rights, Plaintiff's punitive damages claim against Officer Quinn in his individual capacity cannot be sustained.  As such, Plaintiff's demand for punitive against Officer Quinn should be dismissed, with prejudice.

**D. <u>The North Braddock Police Department should be dismissed from the present case because the Borough of North Braddock and its police department are not separate legal entities and, therefore, the police department is an improper and unnecessary party to this action.</u>**

A local police department may not be sued along with its municipality because the police department is not a separate legal entity.  <u>Retzler v. Bristol Borough Police</u>, No. CIV.A. 08-3245, 2009 WL 595595, at *4 (E.D. Pa. Mar. 6, 2009) (<u>citing</u> <u>Padilla v. Twp. of Cherry Hill</u>, 110 F. App'x 272, 278 (3d Cir. 2004)); <u>see also</u> <u>Monastra v. Delaware Cnty. Sheriff's Office</u>, 49 A.3d 556, 558 (Pa. Commw. Ct. 2012) (police department is not legal entity separate from its political subdivisions and, therefore, the police department is not a proper party to this lawsuit).  Because local police departments, such as the North Braddock Borough Police Department, are a branch or subunit of its political subdivision, it does not have a corporate identity independent of the Borough and, as such, it is an improper party to the present action.  <u>See</u> <u>Crock v. City/Town, or Boro of Mt. Lebanon, Pa.</u>, No. CIV.A.09-426, 2010 WL 2606627, at *2 (W.D. Pa. May 25, 2010) <u>report and recommendation adopted,</u> No. CIV.A.09-426, 2010 WL 2606624 (W.D. Pa. June 28, 2010).  As a result, Count LVII through Count LXII of the

Complaint asserted against the North Braddock Borough Police Department should be dismissed from the instant action, as a matter of law, with prejudice. [3]

      **E.**    <u>**This Court should dismiss, with prejudice, Counts L through LVI of the Complaint asserted against Officer Adam Quinn, individually and/or as an officer of North Braddock Borough, because these claims are wholly duplicative of Counts XLIV through XLIX set forth against Officer Quinn.**</u>

Initially, Count L through Count LVI of the Complaint, asserting claims for Wrongful Death, Survival, Negligence (and Negligent Infliction of Emotional Distress), False Imprisonment, Assault and Battery, Federal Civil Rights Violations, and Violations of the ADA and Section 504 of the Rehabilitation Act, respectfully, against Officer Adam Quinn, individually and/or as an officer of North Braddock Borough, must be dismissed with prejudice, because Plaintiff previously set forth identical and entirely duplicative claims against Officer Quinn within Count XLIV through Count XLIX of the Complaint.

## IV.    <u>CONCLUSION</u>

For all the reasons stated herein, the Borough of North Braddock and Officer Adam Quinn respectfully request that this Honorable Court grant their Partial Motion to Dismiss.

---

[3] In the event that this Court does not dismiss the North Braddock Borough Police Department from this action, for the reasons provided herein, Section III.A., any further reference to and/or argument for the dismissal of the claims set forth against the Borough of North Braddock shall also be interpreted to encompass the North Braddock Borough Police Department.

Respectfully submitted,

By: _____

Samuel H. Foreman, Esquire
PA I.D. #77096
Email: sforeman@wglaw.com
Matthew R. Zwick, Esquire
PA I.D. #313839
Email: mzwick@wglaw.com

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY
LLP
Firm #594
Two Gateway Center, Suite 1450
603 Stanwix Street
Pittsburgh, PA 15222
Phone: (412) 281-4541
Fax: (412) 281-4547

Attorneys for Defendants,
Borough of North Braddock, North
Braddock Borough Police
Department, and Officer Adam Quinn

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendants'

PARTIAL MOTION TO DISMISS has been served by CM/ECF NOTICE ONLY,

this _2nd__ day of _March_ , 2015, upon the following:

Walter J. Nalducci, Esquire,
Cutruzzula & Nalducci,
3300 Grant Building,
Pittsburgh, PA  15219;

Lee Dellecker,
Allegheny County Law Department,
445 Fort Pitt Boulevard, Pittsburgh, PA  15219;

Bethann R. Lloyd, Esquire,
Grogan Graffam, P.C.,
Four Gateway Center #12,
Pittsburgh, PA  15222;

Frank J. Lavery, Jr., Esquire,
Lavery Faherty Young & Patterson PC,
225 Market Street
P.O. Box 1245,
Harrisburg, PA  17108-1245;

Paul D. Krepps, Esquire,
Marshall Dennehey Warner Coleman & Goggin,
US Steel Tower, Suite 2900
600 Grant Street,
Pittsburgh, PA  15219

_____

Samuel H. Foreman, Esquire
Matthew R. Zwick, Esquire